NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 13 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUSINE PETROSYAN; AGHVAN KNYAZYAN,<br><br>Petitioners,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 13-70311<br><br>Agency Nos.  A097-596-684<br>                 A097-596-685<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016**
San Francisco, California

Before: W. FLETCHER, RAWLINSON, and HURWITZ, Circuit Judges.

Lusine Petrosyan petitions for review of an order of the Board of Immigration

Appeals ("BIA") dismissing her appeal of a decision by an Immigration Judge ("IJ")

---

\* This disposition is not appropriate for publication and is not precedent except
as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture. We deny the petition.

**1.** Admission of a Department of Homeland Security ("DHS") overseas investigative report—which suggested that two documents Petrosyan submitted were fraudulent—did not render the proceedings "so fundamentally unfair that the alien was prevented from reasonably presenting [her] case." *Singh v. Holder*, 638 F.3d 1264, 1269 (9th Cir. 2011) (citation and internal quotation marks omitted). Although the author of the report did not testify, Petrosyan was "allowed to examine [the report], and given ample time to produce substantial evidence to rebut it." *Angov v. Lynch*, 788 F.3d 893, 899 (9th Cir. 2013). Moreover, the IJ considered the author's failure to testify when weighing the report's reliability.

**2.** The transfer of Petrosyan's case to a second IJ after the retirement of the first did not render the proceedings fundamentally unfair. Petrosyan never objected to the transfer. The second IJ did not simply adopt the first IJ's commentary, but rather reviewed the complete record of the proceedings before concurring with his predecessor that there were material credibility issues.

**3.** The IJ's decision is supported not only by the DHS report, but independently by the failure of Petrosyan's husband to testify. The pre-REAL ID Act regulations applicable to Petrosyan's applications for relief "unambiguously contemplate cases where an applicant's testimony alone will not satisfy his burden

2

of proof," including where, as here, "an applicant inexplicably fails to present easily available, material, non-duplicative, corroborating evidence to support [her] asylum claim." *Sidhu v. INS*, 220 F.3d 1085, 1090 (9th Cir. 2000). Petrosyan's husband was present throughout the proceedings, and was a derivative beneficiary of her application whose own alleged persecution formed part of her claim. He could have offered first-hand testimony about a beating he allegedly received because of Petrosyan's work as a journalist and corroborated her own claims of persecution. *See id.* (failure to produce corroborating testimony from petitioner's father could "constitute substantial evidence" when father "had first-hand knowledge of much of the persecution" and "was the *only* witness to some events that are at the core of his asylum application"); *see also Singh*, 638 F.3d at 1270-71 ("[I]f the asylum seeker whose credibility has been questioned testifies that his family was subjected to atrocities in their home, and corroboration is readily available because members of the family live with him in California, it is reasonable to question his credibility if none of them testify to corroborate his account.").

**DENIED**.